UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DOROTHY SNIPE,

                       Plaintiff,                   **ORDER**

     - v -

                                                CV-05-1560 (ENV)(VVP)

BETTER HOMES DEPOT, INC., et al.,

                       Defendants.
-----------------------------------------------------------------x

       By letter dated July 5, 2006, and at a subsequent conference held today, counsel for the plaintiff has sought review of the sufficiency of the responses provided by the defendants Madison Home Equities and Nadine Malone to the plaintiff's discovery requests. Upon review of the plaintiff's discovery requests and the written responses thereto, the court enters the following rulings:[1]

       *Interrogatories 1 - 6, 10, 12 - 14, 16, 17, 19, 21 - 25*: no further written response is required, although the plaintiff may pursue the subjects addressed in these interrogatories at depositions of the defendants;

       *Interrogatory 7*: the defendants shall provide a supplemental response to this interrogatory providing the information requested for the 18-month period from January 1, 1998 through June 30, 1999;

       *Interrogatory 8*: the defendants shall provide a supplemental response to this interrogatory providing the name, last known address, telephone number, and title for every persons who has been an officer of Madison Home Equities for the period from January 1, 1998 through the present, whether or not they had any involvement with the subject loan;

---

[1] In contravention of the court's June 19, 2006 order, the defendants withheld documents and information on the basis of objections to some of the plaintiffs' discovery requests. Nevertheless, the rulings here reflect, in some instances, limits on the discovery the defendants are required to produce. The court has placed those limits on discovery, not to endorse the defendants' objections to the requests, but rather in an effort to speed the process of discovery, which the court believes would be unnecessarily delayed by a time-consuming review of files and documents that are unlikely to have an impact on the determination of this action.

*Interrogatory 9*: the defendants shall provide a supplemental response to this interrogatory providing the information requested for the 18-month period from January 1, 1998 through June 30, 1999 (the term "agent" shall have its customary meaning at law; the term "associate" shall mean anyone other than an employee or agent who provided services to Madison Home Equities for remuneration which was or should have been reported to the Internal Revenue Service on a form 1099);

*Interrogatory 11*: upon execution of an appropriate confidentiality stipulation and order, the defendants shall produce the files previously identified for production in the other three actions now pending in this court in which the defendants are named as parties,[2] and such production shall suffice to provide the information sought by this interrogatory, without prejudice to an application by the plaintiff for the production of further information upon a showing of need;

*Interrogatory 15*: the defendants shall provide a supplemental response clarifying whether they have, in the past, ever referred business to Better Homes Depot and/or Eric Fessler;

*Interrogatory 18*: the defendants shall provide a supplemental response clarifying whether Glenn John was ever an employee of Madison Home Equities, and if so, the dates of employment, the positions held, his responsibilities in each position, and his supervisors;

*Interrogatory 20*: the defendants shall provide a supplemental response which describes with specificity the services provided by Ackerman Raphan & Sultzer in connection with their "representation" of Madison Home Equities in the subject transaction;

*Document Requests 1, 12*: production of the documents identified in the directions above concerning interrogatory 11 will constitute a sufficient response;

*Document Requests 2, 3, 6, 8, 11, 13 - 16, 23*: no further response is required;

*Document Requests 4, 5*: the defendants shall provide a supplemental response stating unequivocally whether all documents responsive to the request have been produced;

---

[2] The actions are *M&T Mortgage Corporation v. Miller, et al.*, 02 CV 5410 (NG); *M&T Mortgage Corporation v. White, et al.*, 04 CV 4775 (NGG); and *Council, et al v. Better Homes Depot, Inc., et al.*, 04 CV 4775 (NGG).

*Document Request 7, 21, 24*: production of the documents identified in the directions above concerning interrogatory 11 will constitute a sufficient response, without prejudice to an application by the plaintiff for the production of further documents upon a showing of need;

*Document Request 9*: upon execution of an appropriate confidentiality stipulation and order, and to the extent not otherwise produced, the defendants shall produce the requested documents for the period from January 1, 1998 through June 30, 1999;

*Document Request 10*: the defendants shall produce all documents concerning any business relationship, agreement or real estate transaction between or among the defendants and Paragon Abstract, Gail Zucker or both, but need not produce (except as otherwise directed) documents concerning real estate transactions "involving" Paragon Abstract, Gail Zucker or both;

*Document Request 17-19*: upon execution of an appropriate confidentiality stipulation and order, the defendants shall produce all responsive documents for the years 1998 and 1999;

*Document Request 20, 22, 25*: the defendants shall produce all responsive documents.

\*  \*  \*  \*  \*  \*

To the extent this order requires the service of supplemental written responses to interrogatories and document requests, such service shall be made by the defendants within 10 business days. To the extent this order requires the production of additional documents such documents shall be produced within 21 days. Within 10 days, the defendants shall draft and serve on the plaintiffs' counsel a proposed confidentiality stipulation and order which identifies with specificity the documents to which the stipulation and order will apply. After any agreed changes, the proposed stipulation and order is to be submitted to the court promptly for review and execution.

The repeated discovery failures by the defendants – including the failure to respond timely to the plaintiffs' interrogatories and document requests, the defendants' failure to respond to the plaintiffs' telephone inquiries concerning those discovery requests, and the defendants' failure to comply with the court's June 19 order by serving responses which withheld documents and information on the basis of objections – all of which failures were without good cause, have required the unnecessary expenditure of time and effort by the plaintiffs' counsel. An award of

attorneys' fees to the plaintiffs is therefore justified.  *See* Fed. R. Civ. P. 37(a)(4), (b)(2). Accordingly, the defendants shall reimburse the plaintiffs for three hours of attorneys' fees at the usual and customary hourly rate at which counsel's time is valued.  The plaintiffs' counsel shall file a certification of such hourly rate in the record within five days, and payment shall be forwarded to the plaintiff within ten days thereafter.

**SO ORDERED:**

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
July 31, 2006